The opinion of the court was delivered by
Gibson, J.
The object of this suit is, to recover arrears said .to be due on a recognizance, which the defendants below acknowledged in the Orphans’ Court, to secure payment to the plaintiff *12 of interest on a third part of the valuation of the real estate of her late husband, who died intestate; which arrears accrued after her interest in the estate had been levied and sold on judgments and executions against her. On confirmation of the inquisition, the land was awarded to the eldest son, who, together with the other defendants, jointly and severally acknowledged the recognizance in question to the widow and younger children individually by name; the condition of which was, in general terms, that he should well and faithfully, in all things, comply with the decree of the court. This decree was, that he should pay to the other children their distributive shares, and to the widow, annually, the interest on her third of the valuation. It is now objected, that the widow cannot recover without joining in the suit, all those who are joined with her in the recognizance. It is certainly true, that an action cannot be maintained by one of several obligees, even though their interests be separate, without averring that the others are dead: but then the defendant must take advantage of the defect at the trial, unless it appear on the pleadings; and, in that case, it will be error. From the paper book furnished in the cause, I am unable to say how the matter stands on the pleadings; and I cannot, therefore, say, that the judgment shall be reversed for tins cause.
At the trial, the defendants offered in evidence several judgments and executions against the plaintiff below, to show that her interest in the estate had been divested by a levy and sale; and, consequently, that she had no title: and this evidence was rejected. She contends, that her interest was a mere chose in aetion, and not the-subject of a levy or sale on execution. The interest of the widow, when the intestate leaves issue, is declared by the .Act of the 19th of April, 1794, to be a third of the real estate during her life, and a third of the personal estate absolutely: but, in providing for partition among the children, the legislature declare in the twenty-second section, that she shall not be entitled to the sum at which her portion shall be valued, but that it shall remain charged on the land, and be recoverable “ by distress or otherwise, as rents are usually recovered.” She then has an interest issuing out of the land, in all respects, of the nature of a rent charge. By the Act of 1700, “all lands and houses” are subject to execution; and the Act of 1705 declares, that “ all lands, tenements, and heredita-ments whatsoever,” may be seized and sold on execution when no sufficient personal estate can be found. Is not an interest issuing out of land, and in the nature of a rent charge, within the purview of these two act's ? I cannot bring my mind to doubt of it. Under the Stat. 27 Ed. 3. c. 9. it has -been held, that if a man who is seized of a rent charge bind himself in a Statute merchant, the rent charge will be extendible, for the word, land, by which the statute subjects real estate to be taken in execution, includes all hereditaments, and the eonusee may in such case dis-train for the rent. Moor. Pl. 104. And whatever is extendible in *13 satisfaction of a Statute merchant, may be taken in execution on an clegit, although the Stat. 13 Ed. 1. c. 18. which gives that kind of execution, mentions only the word land. But our Act of 1705 is in this respect much stronger, as the words tenements and heredi-taments are used in express terms. They are, however, undoubtedly superfluous; as the word, land, includes every secondary and derivative interest. That there was no sheriff’s deed actually executed to the purchaser, furnishes no objection to the competency of the evidence as it was offered, whatever might be the effect of the want of it, in an action by him against the defendants. The estate of the present plaintiff was seised in execution, and her title was so far divested by the levy, as to disable her from maintaining an action whilst the levy remained undisposed of; and that was all which it was material for the defendants to show. They could not have safely paid her any arrears that accrued after the levy, because those very arrears were part of the estate seised, although it would be otherwise with arrears actually due at the time, for these, after becoming due, are nothing but a chose in action. We are of opinion, therefore, that the evidence should have been admitted.
Tieghman, C. J., having been absent during the argument, gave no opinion. .
Judgment reversed, and a venire facias de nova awarded.